IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  20 B 03036 |
| Anthony Alexander & Lesia Betsey-Alexander | Judge David D. Cleary |
| Debtors | Chapter 13 |

OBJECTION TO CONFIRMATION

Now comes FORD MOTOR CREDIT COMPANY LLC, a creditor herein, by SHERMAN & PURCELL LLP, its attorneys, and for its objection to confirmation of the debtor's proposed Chapter 13 plan respectfully represents as follows:

1. That Ford Motor Credit Company LLC is the creditor of the Debtors with respect to a debt secured by a 2016 Ford Escape.  The plan provides for direct payments in part 3.3 of the plan.  The debt at the time of filing was $6,747.05 at 1.9% interest with a monthly payment of $342.85.

2. The plan in 3.3 provides that the debtor will pay 0% interest at $341 per month and the fails to mirror the contractual obligations.   The plan also fails to provide other elements of the contractual obligations such as late charges.

3. The plan should be amended to provide as follows in part 8.1: "The Debtor shall remain in full compliance, including but not limited to, pre and post petition payments, interest, late charges, etc, with the underlying retail installment contacts as to the debt owed to Ford Motor Credit Company LLC that is secured by the 2016 Ford Escape.  That debt shall not be discharged pursuant to Section 1328 of the Bankruptcy Code.  Ford Motor Credit Company LLC shall retain its lien on the 2016 Ford Escape until such time as the underlying retail installment contract is fully satisfied pursuant to applicable non-bankruptcy law. "

4. The language above is because the contract should control the payment terms, etc.  If the direct payments are not made, or if their chapter 13 case is completed prior to this debt being paid in full, the debtors should not receive a discharge to this debt pursuant to section 1328.  If the Debt is to be

discharged by the bankruptcy than an order should be entered requiring the Trustee to verify the direct payments were made prior to indicating that all payments have been made and the plan is complete.

5. The plan fails to provide lien retention language.

6. "The debtor has the burden of proving that its proposed plan is confirmable. *Matter of Wolff, 22 B.R. 510, 512 (9th Cir. BAP 1982); In re Moore, 319 B.R. 504, 515 (Bankr. S.D. Tex 2005); In re Hogue, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987).* In the face of what appear to be valid Complaints, see e.g., *In re Brown, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006); [*3] In re Murray, 346 B.R. 237 (Bankr. M.D. Ga 2006); In re Sparks, 346 B.R. 767 (Bankr. D.D. Ohio 2006); In re Wampler, 45 B.R. 730 (Bankr. D. Kan. 2006); In re Bufford, 343 B.R. 827 (Bankr. N.D. Tex 2006).* To which the debtor has offered no response, the court is left with the little alternative other than to sustain the objections". In re Posey, 2006 Bankr LEXIS 2472.

WHEREFORE, FORD MOTOR CREDIT COMPANY LLC prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, for entry of an Order dismissing this Chapter 13 case, and for such other and further relief as this Court may deem just and equitable.

| | |
|---|---|
| Christopher H. Purcell<br>Sherman & Purcell LLP<br>112 Cary Street<br>Cary, Illinois 60013<br>Shermlaw13@aol.com<br>Phone: (312) 372-1487 | FORD MOTOR CREDIT COMPANY LLC<br><br>BY:  /s/ Christopher H. Purcell<br>      One of its Attorneys |

## CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on February 7, 2020, I electronically filed the foregoing Objection to Confirmation with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

David M. Siegel, Attorney for the Debtor

Marilyn O Marshall, Chapter 13 Trustee

Patrick S. Layng, U.S. Trustee